Mr. Justice Walkeb. delivered the opinion of the Court. There can be no doubt but that each county is responsible ior the payment of the costs incurred in the prosecution of penal offences committed within their respective limits, whether the trial is had in such county or not. This question was fully discussed and decided in the case of Pulaski co. vs. Irvin, (4 Ark. 473); and it was also, in the same case, decided that when a proper case is presented to the County Court of such county, it becomes its duty to allow and pay the costs so incurred. This liability, however, is made to depend upon the following provision of the statute, Dig. 420, Sec. 217, provides that, “in all criminal or penal cases, if the defendant shall be acquitted (except in cases where the prosecutor shall be adjudged to pay .the costs) or if convicted shall not have property to pay the costs, the same shall be paid by the county.” The 218th section provides that “the county shall not be liable for costs when the defendant is convicted, until execution shall have been issued against the property of such convict, and returned unsatisfied for want of property to satisfy the same; unless the Court, in which the trial was had, shall certify that, in the opinion of such Court, the costs cannot be made out of the property of the defendant,” From these sections, it will be seen that the Legislature intended to make the counties responsible only in cases : 1st. Where the defendant is acquitted, and there is no judgment against the prosecutor: 2d. Where the defendant is convicted, but is unable to pay the costs. And the 218th section requires that positive evidence of the inability of the defendant to pay costs, shall be produced before any county shall be held accountable for the same. The 219th section provides that, “in all cases where the county shall be liable to pay the costs and expenses in criminal cases, the Circuit Court for the county in which the case was tried, shall adjust the same and cause the same to be certified to the County Court.” It is contended that the certificate of the Court, under this section, is conclusive upon the County Court, and imposes upon it the imperative duty of allowing the claim. This, we think, an unfair and forced construction of the act. The 219th section imposes no duty upon the Court except that of adjusting and certifying the account. That far the certificate is evidence, record evidence, and, as decided in the case of Pulaski co. vs. Irvin, is conclusive upon the parties, only so far, however, as it relates to the amount of the claim, for it cannot, with plausibility, be contended that it is evidence of facts never submitted to the Court, and not necessary to the decision of the question before it. The object of the legislature, in selecting the Court where the trial was had as the proper tribunal in which to settle .and adjust the costs and charges of the prosecution, is quite apparent. The witnesses, the claimants, and the records, were before the-Court, and many of the charges incurred by the order of the Court: no tribunal was, therefore, so well prepared to liquidate and settle the costs as that Court. Independent of this, there is still another reason why this certificate is not to be considered evidence to the extent contended for. It would conflict with other provisions of the statute. It is a rule in construing statutes that they should be so construed as to reconcile all the different provisions thereof, so that no part of the act shall be void, repugnant, or superfluous. The 218th section provides that the county shall not be held responsible until it is first ascertained, by the return of the officer, that there is no property 'to be found, out of which to levy the costs, or unless the Court shall certify such to be the case. To whom is the Circuit Court to certify ? Surely not to itself. And for what purpose? Not as evidence of its records. This would be unmeaning and absurd, and could not have been intended by the legislature. It must, therefore, when it enacted that the Circuit Court should certify the fact that the defendant was unable to pay costs, have had reference to some other tribunal before which this evidence might be of use. That tribunal is evidently the County Court, to which the certificate of settlement of the claims under the 219th section is to be referred, and who, by section 220, is required to receive the claim thus presented, as it does other liquidated claims, for allowance. Thus bringing together before the Court, that is to pass upon the claim, the evidences necessary to fix upon the country its liability, which are, that there has accrued a definite, ascertained, and liquidated amount of costs in the prosecution of a criminal offence committed within the limits of such county, for which purpose the certificate of the Court is conclusive evidence, and that the defendant is not liable to pay the same by reason of his acquittal, or is unable to pay it: which facts are to be evidenced by the record or certificate of the Court of that fact, as provided for by section 218. When these are presented to the County Court by legal and competent evidence, then and not before, it becomes the duty of the Court to pass upon or allow the claim. Nothing can be clearer than that the legislature never did iptend to subject the counties to the payment of costs until it was first ascertained whether the defendant was or was not liable, and, if liable, whether he was able to pay the costs, and we find no provision whatever made whereby to fix a liability upon the county until the prosecution is closed. In this there may be delay and individual hardship : so long, however, as the statute remains unchanged, we know of no remedy for it. The county, it should be remembered, is not, properly, a party to the suit: no costs are incurred at her bidding. It is the State’s prosecution, and it is alone by force of the statute that the county is in any instance accountable. We have not overlooked the fact in the history of this case that some of the items of charge allowed by the Circuit Court are of rather an extraordinary character. The discretion confided to the Circuit Court in conducting criminal trials, and allowing compensation for services rendered in the prosecution, when abused, must be reached by an application in either law or equity to set aside and correct the taxation of costs. So long as the order allowing the claim, and certifying it to the County Court, remains, it is obligatory and conclusive as to the amount of the costs and charges to be allowed. Upon examination of the petition presented to the Circuit Court, we find a certificate of the Court approving the bill of costs set forth in the exhibits and the facts stated and evidenced by exhibits, that the claims were presented to plaintiff and were rejected. There is also a statement on the record that the defendants had escaped from custody. These facts, by the demurrer, must be taken as true; and, admitted to be so, they fall far short of complying with the requisitions of the law. No decision or trial of the case appears to have been had. It is not shown whether the State has or has not abandoned her prosecution. So long as the case remains undetermined, we know of no provision by which the claim could be enforced against the county. The petitioners, in oi’der to have imposed a liability upon the county to pay, should have shown that the claim presented to the Court had been approved by the Circuit Court, and that the defendant had been acquitted, or at least that the prosecution had been abandoned by the State, or that there had been a conviction, and that the defendant had no property which might by process be subjected to the payment of such costs. We are, therefore, of opinion that the Circuit Court erred in overruling the plaintiff’s demurrer and in rendering judgment thereon for costs. The judgment is, for these reasons, reversed, and the cause remanded. Scott, J. Not sitting.